IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOE HAND PRODUCTIONS, INC.,   )   <br>   )   <br>    Plaintiff,   )   <br>   )   <br> v.   )   <br>   )   <br> JEFFREY C. DUBOIS, individually, and   )   <br> as officer, director, shareholder, member,   )   <br> and/or principal of DD2, LLC., d/b/a   )   <br> Lucky Horseshoe Saloon, and DD2, LLC,   )   <br>   )   <br>    Defendants.   )  | CIVIL ACT. NO. 1:18-cv-496-TFM-MU |

**MEMORANDUM OPINION AND ORDER**

Now pending before the Court is *Plaintiff's Amended Motion for Summary Judgment* (Doc. 35, filed November 7, 2019). The Court has carefully reviewed the pleadings, motion, documents filed in the case, and relevant law, and it is ripe for review. For the reasons discussed below, the motion is **GRANTED in part and DENIED in part**.

### I. Jurisdiction

The Plaintiff, Joe Hand Productions, Inc. ("JHP" or "Plaintiff"), asserts claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) against DD2, LLC, d/b/a/ Lucky Horseshoe Saloon ("DD2"), and Jeffrey C. Dubois, individually and as sole member of DD2 ("Dubois") (collectively, "Defendants"). Plaintiff alleges violations of the Copyright Act of the United States, 17 U.S.C. § 101, *et seq*., and the Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605. No party contests either subject matter or personal jurisdiction and adequate support exists for both.

### II. Background and Procedural History

Plaintiff in this case is a Pennsylvania-based corporation that licenses and distributes

sporting and entertainment programming for commercial purposes to bars, restaurants, clubhouses, and other non-residential establishments. In the course of its business, Plaintiff purchased and retained the commercial exhibition rights to the planned August 26, 2017 Floyd Mayweather, Jr., vs. Conor McGregor prizefight, including all undercard bouts and the main event (collectively, "the Fight"). Under the contracted arrangement, JHP then sub-leased to bars, nightclubs, casinos, restaurants, and other commercial establishments the right to exhibit the Fight to patrons, customers, members, and/or guests in exchange for a commercial sublicensing fee based on the capacity of the establishment. In its Complaint, JHP contends that Defendants, owners of the Lucky Horseshoe Saloon in Fairhope, Alabama ("Lucky Horseshoe"), exhibited the Fight without permission or payment of the commercial licensing fee to JHP.

Plaintiff initiated this lawsuit on November 28, 2018, asserting two causes of action: (1) satellite and/or cable piracy, in violation of either 47 U.S.C. § 553 (Unauthorized Reception of Cable Service) or 47 U.S.C. § 605 (Unauthorized Publication of Communications); and (2) copyright infringement, in violation of 17 U.S.C. § 501. From the lawsuit, Plaintiff seeks statutory damages plus interest, costs, and attorney fees.

Plaintiff has filed an Amended Motion for Summary Judgment, asking the Court to grant summary judgment on the second count of copyright infringement. Doc. 35. Plaintiff does not seek summary judgment as to Count 1. Defendants failed to file a response to the Amended Motion for Summary Judgment by the Court-appointed deadline.[1] Moreover, Defendants have had ample

---

[1] Indeed, substantial time has passed since the response deadline, and Defendants have taken no action to remedy their failure to respond. The Court notes that, during the pendency of Plaintiff's Amended Motion for Summary Judgment, counsel for Defendants otherwise continued to litigate this case, filing documents with the Court unrelated to the summary judgment motion and appearing for status conferences. The Magistrate Judge assigned to the case reminded Defendants during two (2) December 2019 status conferences of the pendency of the summary judgment motion and Defendants' failure to respond to it. Thus, it is clear to the Court that counsel is aware

opportunity since that time to seek the Court's leave to file an out-of-time response or take other appropriate action. None having been taken, the Court finds Plaintiff's Amended Motion for Summary Judgment is ripe for review.

### III.  STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(). A factual dispute alone is not enough to defeat a properly pleaded motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). "[T]he substantive law will identify which facts are material." *Id*. at 248, 106 S. Ct. at 2510. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but merely "determine[s] whether there is a genuine issue for trial." *Id*. at 249, 106 S. Ct. at 2511.

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (citing *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553). The court must view facts and draw all reasonable inferences in favor of the nonmoving

---

of the summary judgment motion and the Court's Order (Doc. 38) setting a deadline for Defendants' response to the motion.

party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (citations omitted).

Fed. R. Civ. P. 56(e) provides that:

> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

FED. R. CIV. P. 56(e).

Although Plaintiff's Amended Motion for Summary Judgment motion is unopposed, the Court cannot grant summary judgment on this basis alone, but rather, must consider the merits of the motion and determine whether there is a genuine issue of material fact. *See United States v. One Piece of Property, 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("[S]ummary judgment, even when unopposed, can only be entered when 'appropriate'"). Although the Court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted," the Court "must ensure that the motion itself is supported by evidentiary materials." *Id*.

### IV. DISCUSSION AND ANALYSIS

To demonstrate copyright infringement, Plaintiff must establish that (1) it owns a valid copyright and (2) that Defendants infringed on one or more of the exclusive rights to the copyright. *Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290 (11th Cir. 2011); *Suntrust Bank v. Houghton*

*Mifflin Co.*, 268 F.3d 1257, 1265-66 (11th Cir. 2001); *Joe Hand Promotions, Inc. v. Phillips*, Civ. Act. No. 19-21723-Civ-Scola, 2020 WL 3404964, at *2, 2020 U.S. Dist. LEXIS 107981, at *5-6 (S.D. Fla. June 19, 2020); *see also* 17 U.S.C. § 106(3)-(5) ("[T]he owner of copyright under this title has the exclusive rights to … distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending … to perform the copyrighted work publicly; [and] … to display the copyrighted work publicly"). A copyright owner need not prove a defendant knew or intended to commit the offense in order to establish copyright infringement. *Playboy Enters., Inc. v. Starware Pub. Corp.*, 900 F. Supp. 433, 436 (S.D. Fla. 1995); *Phillips*, 2020 WL 3404964, at *2, 2020 U.S. Dist. LEXIS 107981, at *6.

JHP has established that it contracted with Mayweather Promotions, LLC, the exclusive distributor of the Fight, and Showtime Networks, Inc. ("SNI"), the owner and operator of the copyright to the Fight, for the sole and exclusive rights to distribute the Fight on August 26, 2017, to commercial viewing locations in Alabama and elsewhere in the United States, including bars, taverns, public houses, restaurants, clubs, and other public viewing areas. *See* Docs. 35-1 to 35-4. SNI also assigned JHP the exclusive right to commence legal action to enforce its contractual rights under federal copyright laws. *See* Doc. 35-3. Thus, Plaintiff has established the first prong of its copyright infringement claim.

JHP also has established that the Lucky Horseshoe exhibited the Fight without permission on August 26, 2017. JHP filed with its Amended Motion for Summary Judgment an affidavit signed by Kimberly Jones, an auditor, stating that Jones personally observed that Lucky Horseshoe exhibited the Fight on August 26, 2017, on three (3) television screens—one on each side of the dance floor and another in an upstairs area. *See* Doc. 35-6. Jones stated that she paid a $10 cover charge to enter the Lucky Horseshoe and observed the exhibition of the Fight. *Id*. In the affidavit,

Jones estimated that the Lucky Horseshoe had a capacity of about 500 people, but noted that there were only 57 to 77 individuals in the establishment on the night of the Fight. Jones included with the affidavit photographs from inside the Lucky Horseshoe. *Id*. Plaintiff also filed a copy of an August 24, 2017 post by Lucky Horseshoe from its Facebook page stating that it would exhibit the Fight. Doc. 35-8.

Joe Hand, Jr., President of JHP, submitted an affidavit stating that Defendants did not pay the commercial sublicensing fee to receive the Fight transmission through their cable or satellite provider, and thus, JHP did not authorize Defendants to exhibit the Fight to their patrons and did not notify Defendants' cable or satellite provider to allow them to receive and exhibit the Fight. Doc. 35-1. Accordingly, Plaintiff has established that Defendants, as owners and operators of Lucky Horseshoe, infringed on JHP's copyright under 47 U.S.C. § 106(3)-(5) by exhibiting the Fight without a license from JHP to do so.

JHP further asserts that Defendants' infringement was willful for purposes of damages. Where copyright infringement is established, the infringer is liable for either: "(1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a).

For actual damages and profits, a copyright owner is entitled to recover actual damages suffered as a result of the infringement, and "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(b). To establish profits, a copyright owner must present proof of the infringer's gross revenue. *Id*. In turn, the infringer must prove "deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *Id*.

For statutory damages, a copyright owner may elect to recover, in lieu of actual damages

and profits, an award of statutory damages of not less than $750 or more than $30,000, as the Court considers just. *Id*. § 504(c)(1). Where the Court finds an infringement was committed "willfully," the Court "in its discretion, may increase the award of statutory damages to a sum of not more than $150,000." *Id*. § 504(c)(2). It is the copyright owner's burden to prove willfulness. *Id*. By contrast, "where the infringer sustains the burden of proving, and the court finds, that such infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *Id*.

In the context of § 504(c)(2), "willfully" means that "the defendant knows his actions constitute an infringement; the actions need not have been malicious." *Cable/Home Comm. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 851 (11th Cir. 1990); *Broad. Music, Inc. v. Xanthas, Inc.*, 855 F.2d 233, 236 (5th Cir. 1988). Additionally, the Eleventh Circuit has determined that an infringement may be "willful" under the Copyright Act where Defendants acted with "reckless disregard" to the possibility that their conduct was infringing a copyright. *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1271 (11th Cir. 2015).

JHP avers that Defendants' willfulness is established because they intentionally circumvented and/or avoided full knowledge of the commercial licensing requirements in exhibiting the Fight. Plaintiff asserts that Defendants admitted to knowingly and willfully broadcasting the Fight without JHP's authorization, citing to Plaintiff's Requests for Admission, filed with the summary judgment motion. Doc. 10. Finally, Plaintiff asserts that the $10 cover charged by the Lucky Horseshoe on the date of the Fight evidences an intent to profit from the unauthorized broadcast.

The Court finds this showing insufficient to establish willfulness for purposes of summary

judgment. Although Defendants failed to respond to Plaintiff's summary judgment motion, they assert in their Answer to the Complaint that they have a commercial cable account through AT&T at their place of business, they were offered an opportunity to exhibit the Fight through their commercial cable carrier, they paid to exhibit the Fight, and they ordered and exhibited the Fight in good faith. Doc. 10. JHP asserts that Defendants intentionally circumvented or avoided full knowledge of the licensing requirements, but it provides insufficient evidence to demonstrate such. Plaintiff established that Defendants charged an entrance fee on the date of the Fight and promoted its exhibition of the Fight on Facebook, but this is the kind of conduct that could be anticipated by a commercial establishment exhibiting the Fight whether or not the establishment had the proper license to do so. It is not evidence, by itself, of willful infringement the copyright.

      Plaintiff also cites to its Requests for Admissions as evidence of willfulness. In a footnote, Plaintiff states that it served the request on Defendants on September 9, 2019, and Defendants failed to respond. Thus, the matters addressed may be deemed admitted under Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney"). Specifically, Plaintiff cites to admissions stating that Defendants broadcast the Fight without paying JHP for the commercial exhibition rights; Defendants knew they did not obtain the commercial exhibition rights from JHP; Defendants knew the broadcast was not authorized by JHP; Defendants knowingly and willfully broadcast the Fight; and Defendants benefitted financially from sales at the Lucky Horseshoe on the date of the Fight. *See* Doc. 35-10. However, even accepting these unanswered admissions as evidence of

willfulness,[2] the statements are directly contradicted by those made in Defendants' Answer to the Complaint. Thus, Plaintiff has not shown that there is no genuine dispute of material fact as to willfulness and Plaintiff's Amended Motion for Summary Judgment is due to be denied in this regard. The Court notes that this finding does not necessarily preclude a finding of willfulness in a bench trial.

As to damages, Plaintiff elects statutory damages under § 504(c)(2). Plaintiff seeks a total award of $47,100, representing three (3) times the commercial licensing fee for exhibiting the Fight. Plaintiff has offered evidence that the Lucky Horseshoe has an estimated capacity of 500 people, and that the licensing fee for exhibiting the Fight in an establishment with a fire code capacity of 451-500 was $15,700. Docs. 35-5, 35-6. Defendants have provided no evidence to the contrary. Thus, Plaintiff has demonstrated that it is owed that amount for exhibiting the Fight. Accordingly, Defendant DD2, which does business as Lucky Horseshoe, is liable for the damages, as is Defendant Dubois as sole member of DD2. *See S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers,* 756 F.2d 801, 811 (11th Cir. 1985) ("An individual, including a corporate officer, who has the ability to supervise infringing activity and has a financial interest in that activity, or who personally participates in that activity is personally liable for the infringement"). However, because there is a genuine dispute as to willfulness, Plaintiff's request for treble damages under § 504(c)(2) is inappropriate at this juncture. Moreover, as this action is ongoing, an award of costs and attorney fees is premature.

---

[2] The Court notes that the statements in the Request for Admission indicating that (1) Defendants knew they did not obtain a license from JHP and (2) willfully broadcast the program do not necessarily constitute a direct admission that Defendants willfully infringed on JHP's copyright, since it allows for the possibility that Defendants wilfully exhibited the Fight but their infringement of the copyright was innocent.

## V. CONCLUSION

Based on the foregoing, Plaintiff's Amended Motion for Summary Judgment (Doc. 35) is **GRANTED in part and DENIED in part.** It is **GRANTED** as to Count 2 for copyright infringement but **DENIED** as to a finding of willfulness. The Court notes that Count 1, which was not addressed in Plaintiff's summary judgment motion, also remains an issue for bench trial.

The Court finds statutory damages are established in the amount of $15,700 for copyright infringement. Given that the question of willfulness is unresolved at this stage, the Court reserves any further findings in regard to damages, costs, and attorney fees pending bench trial.

**DONE and ORDERED** this 27th day of July 2020.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE